UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUZANNE KAY PROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-00787-SEB-DKL |
| | ) | |
| MICHAEL  CHRISTIAN, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

**Entry Discussing Motions to Dismiss**

Plaintiff Suzanne Kay Prock brings this civil rights complaint against ten defendants alleging that the defendants, in various ways, violated her rights in the course of proceedings in Hendricks Superior Court. The Court previously dismissed the claims against defendant Judge Stephanie LeMay-Luken and Gregory Steuerwald. Dkt. 81, 82. Currently pending are the motions to dismiss filed by defendants Michael Christian, Kim Moyer, Ashley Lindemeier, Scott Sullivan, and William Harrington.[1]

For the reasons that follow, the Court finds that the plaintiff has failed to state a viable claim for relief under any of her claims based on federal law. Further, the Court declines to exercise supplemental jurisdiction over any of the plaintiff's claims based on state tort law. Accordingly, any claim based on federal law is **dismissed** for failure to state a claim upon which relief can be granted and any state law claim is **dismissed for lack of subject matter jurisdiction**.

**I. Background**

---

[1] The motions to dismiss filed by these defendants where denied as moot when the plaintiff filed an Amended Complaint. Dkt. 73. The defendants then renewed their motions to dismiss. The plaintiff did not respond to the renewed motions to dismiss, but her response to the previously-denied motions (dkt 43) has been considered.

Prock's complaint starts with a number of allegations of wrongdoing against her former husband Michael Christian. Prock alleges that her short marriage to Christian was plagued by difficulties, including physical fights. Prock also asserts vaguely that Christian lied about her in state court proceedings and that she was harassed by Christian and others with his encouragement. In addition, Prock asserts that Christian procured a videotape of an incident involving her but it is unclear exactly what the tape depicts. According to Prock, "sometime after 2008," Christian gave the tape recorded fight to Prock's older sister "to use intentionally and illegally against her."

In addition to the allegations against Christian, the complaint is based in large part on a lawsuit filed against Prock in Hendricks Superior Court. In that case, the plaintiff and Phil Prock were sued by Douglas Jordan for personal injuries arising out of a dog bite that happened at their residence ("the dog bite case"). Prock filed a pro se counterclaim against Mr. Jordan and Mr. Jordan amended his complaint to add a count of libel and slander against Prock based only on the allegations in her counterclaim. Prock alleges that the videotape procured by defendant Christian was heavily involved in these state court proceedings. She also alleges that the other defendants, all who had some role in the dog bite case, violated her rights in various ways.

## II. Standard of Review

Defendants Christian, Moyer, Lindenmier, Sullivan, and Harrington have moved to dismiss the claims against them.

A. *Dismissal for Failure to State a Claim*

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not the merits of the suit. *Triad Assocs., Inc. v. Chi. Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). The standard for assessing the procedural sufficiency of pleadings is imposed by Federal Rule of Civil Procedure 8(a)(2), which requires "a

short and plain statement of the claim showing that the pleader is entitled to relief." Thus, although the complaint need not recite "detailed factual allegations," it must state enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A claim is facially plausible when the plaintiff pleads facts sufficient for the Court to infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The *Twombly/Iqbal* standard "is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). By comparison, a complaint that merely contains "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy the factual plausibility standard. *Twombly,* 550 U.S. at 555.

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff. *Lee v. City of Chi.,* 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

B. *Jurisdictional Considerations*

In addition to arguing that the plaintiff has failed to state a viable claim for relief, the motions to dismiss have directed the Court's attention to possible jurisdictional issues with the

plaintiff's claims.[2] Subject to exceptions not implicated by the circumstances of this case, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F. Supp. 2d 780, 781 (E.D.N.C. 1998). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

One of the plaintiff's claims – the 42 U.S.C. § 1983 claim against Judge Stephanie LeMay-Luken – properly invoked this Court's federal question jurisdiction. But that claim has since been dismissed (dkt 81), leaving the Court to consider whether any of the remaining claims similarly invokes this Court's jurisdiction. In her complaint, the plaintiff asserts that jurisdiction is based on a federal question because her claims are brought pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241-242 and 18 U.S.C. § 873.

### III. Legal Standards

In addition to a number of state law tort claims, Prock alleges that her claims are brought pursuant to 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 241-42 and 18 U.S.C. § 873.

---

[2] It is a Court's duty to *sua sponte* consider its jurisdiction over the lawsuit. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941).

Prock's complaint could also be understood to allege civil conspiracy claims under 42 U.S.C. § 1985. To establish liability for conspiracy under § 1985, a plaintiff must establish:  1) a conspiracy; 2) that the purpose of the conspiracy was to deprive a person of equal protection of the laws, or to deprive a person of his privileges and immunities under the laws; 3) that an act was committed in furtherance of the conspiracy; and 4) that an injury occurred as a result. *See Griffin v. Breckenridge,* 403 U.S. 88, 102-04 (1971). "[T]o state a cause of action under" this provision, the plaintiff "must allege that the acts complained of were the product of racial or class-based animus." *Komasinski v. I.R.S.*, 588 F. Supp 974, 977 (N.D. Ind. 1984) (*citing Dunn v. State of Tennessee*, 697 F.2d 121 (6th Cir. 1982)). "[M]ere allegations of joint action or a conspiracy do not demonstrate that the defendant acted under color of state law and are not sufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998).

Finally, Prock alleges violations of federal criminal laws including 18 U.S.C. § 241-42 and 18 U.S.C. § 873. But "[e]xpress provisions for criminal prosecution and administrative enforcement ... without a corresponding provision for private enforcement, generally establish that private enforcement is inappropriate." *Israel Aircraft Industries Ltd., v. Sanwa Business Credit*

*Corporation,* 16 F.3d 198, 200 (7th Cir. 1994) *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (citing *United States v. Claflin,* 97 U.S. 546, 547, 24 L.Ed. 1082 (1878) ("That act contemplated a criminal proceeding, and not a civil action.... It is obvious, therefore, that its provisions cannot be enforced by any civil action....."));

## IV. Discussion

The motions to dismiss filed by Defendants Christian, Moyer, Lindemeier, Sullivan, and Harrington have each been considered pursuant to the standards set forth above.

A. *Prock's Federal Claims*

1. *Defendant Christian*

Prock's claims against Christian are for "Civil Conspiracy; Slander/Defamation," Intentional Infliction of Emotional Distress and Conspiracy to Commit Fraud Involving Intentional Torts. Prock makes no allegation that would support a conclusion that Christian, who was allegedly involved in domestic disputes with Prock, in any way acted under color of state law. Accordingly, any § 1983 claim against Christian must be **dismissed**. In her response to the motion to dismiss, Prock realleges a number of state tort claims against Christian. In an attempt to state a federal claim against him, Prock also asserts vaguely that he was involved in a civil conspiracy against her. But Prock has not sufficiently alleged the elements of a § 1985 conspiracy claim to raise her right to relief above a speculative level. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008). A § 1985 conspiracy claim requires the plaintiff to allege that the defendant conspired to deprive her of the equal protection of the laws. There is no such allegation, or any other allegation that would support a federal conspiracy claim, here. Further, Prock's refers to 18 U.S.C. §§ 241-242 and 18 U.S.C. § 873, which deal with the criminalization of certain behaviors. However, as explained above, there exists no private right of

action under these statutes. *See Israel Aircraft Industries Ltd.,* 16 F.3d at 200. Finally, Prock makes reference to the Electronic Communications Privacy Act, 18 U.S.C. § 2520, which prohibits the interception of oral or electronic communications, but provides no facts to support a claim under that statute.

In short, Prock has failed to allege the violation of any federal statute by Christian. Accordingly, any federal claim against him is **dismissed**.

### 2. *Defendant Moyer*

The complaint alleges that Moyer, an insurance claims representative who apparently investigated the dog bite incident, "became involved in a conspiracy to commit fraud with legal significance and implications when she attached a transcript of the tape to the investigative file when she had no idea what it was and went far beyond the scope of her authority . . . ." Moyer argues that Prock has failed to state a federal claim against her. First, to the extent that Prock alleges violations of criminal statutes, Prock cannot pursue her claims through those statutes because there is no private right of action provided by them. Further, there is no allegation of state action on Moyer's part to support a § 1983 claim against her. In fact, Prock states in reply to the motion to dismiss that "Moyer is not a law enforcement officer or prosecutor with any type of legal authority, she is a Claims Representative with an insurance company . . . ." Prock has therefore failed to state any federal claim against Moyer. Any federal claim against Moyer must therefore be **dismissed**.

### 3. *Defendant Lindenmier*

Lindenmier is a private attorney who represented Douglas Jordan in the dog bite case. Prock's claim against Lindenmier is for Conspiracy to Commit Fraud and deny Plaintiff's rights involving Intentional Torts. Prock alleges that Lindenmier "filed many motions with the court right

7

before trial to suppress speech rights, facts and any defense of Plaintiff's regarding Defendant Jordan's behavior which included suppressing discussions of the homeowner's policy through Farm Bureau." Again, there is no allegation that Lindenmier is a state actor sufficient to state a § 1983 claim against her and, as previously explained, Prock cannot state a claim for violation of federal criminal statutes against her. Further, there are no allegations sufficient to state a federal conspiracy claim against Lindenmier. Any federal claim against Lindenmier must therefore be **dismissed**.

### 4. *Defendant Sullivan*

Sullivan was retained by Prock's insurer to defend the dog bite lawsuit. Prock's claims against him are for Conspiracy to Commit Fraud and deny Plaintiff's rights involving Intentional Torts, Forgery, and Negligent Misrepresentation. Sullivan represented Prock only with respect to that count and did not defend any other claims against her. Sullivan was a private attorney. There is no allegation in the complaint sufficient to support a conclusion that Sullivan was a state actor under § 1983 or was involved in a federal conspiracy. Any federal claim against Sullivan must therefore be **dismissed**.

### 5. *Defendant Harrington*

Defendant Harrington represented Prock in the dog bite case with respect to the claims of defamation and slander. Prock's claims against him are for Conspiracy to Commit Fraud and deny Plaintiff's rights involving Intentional Torts and Gross Negligence. Prock alleges that she retained Harrington to represent her on the libel and slander claims in the dog bite case. Prock then proceeds to describe the representation that Harrington provided to her and alleges that Harrington shared her confidential information with Defendant Lindenmier and "Hendricks County officials" to assist "them" instead of representing Prock. There is no allegation sufficient to support a

8

conclusion that Harrington acted under color of state law or was involved in a federal conspiracy. Any federal claim against Harrington must therefore be **dismissed**.

B. *Requests for Fees*

Defendants Lindenmier, Harrington, and Sullivan have requested an award of attorneys' fees pursuant to 42 U.S.C. § 1988. That statute provides: "(b) In any action or proceeding to enforce ... [42 U.S.C. § 1983] ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Under this statute, "[a] prevailing defendant may be entitled to fees only in cases in which the plaintiff's action was frivolous, unreasonable, or groundless. *Roger Whitmore's Auto. Servs., Inc. v. Lake Cty., Illinois*, 424 F.3d 659, 675 (7th Cir. 2005) (*Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978)). The requests for fees are **denied for the present without prejudice and with leave to refile**. If the defendants choose to renew their requests for fees, they should include proper documentation of the fees incurred in defending the plaintiff's civil rights claims.

C. *Supplemental Jurisdiction*

Having dismissed each of the claims based on federal law, the Court has discretion whether to exercise supplemental jurisdiction over this plaintiff's state law claims.  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). In other words, while a district court has authority to exercise jurisdiction over supplemental claims, this does not require "that the jurisdiction *must* be exercised in all cases." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial

economy, convenience, fairness, and comity.'" *Id.* at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Prock's state law claims include state tort claims against Christian, Moyer, Lindemeier, Sullivan, and Harrington discussed above and state law claims Douglas Jordan, Kathy Jordan, and John Gocke. The claims against Douglas Jordan are for Insurance Fraud, Fraud Upon Court, and Misuse of Process. Her claims against Kathy Jordan are for Conspiracy to Commit Fraud Involving Intentional Torts and Corresponding Illegal Behavior, Blackmail/Extortion, and Tortious Interference. Finally, the claim against defendant John Gocke is for Conspiracy to Commit Fraud. For the same reasons discussed above, the plaintiff alleges no viable federal claim against Douglas Jordan, Kathy Jordan, or John Gocke.

Here, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. The statute governing supplemental jurisdiction provides that the court may decline to exercise supplemental jurisdiction when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367. Here, the vast majority of the plaintiff's complaint alleges state tort claims. Further, as discussed above, the federal law claims are frivolous. The state claims thus predominate over the federal claims and the Court will decline to exercise supplemental jurisdiction over them.

### V. Conclusion

For the foregoing reasons, the motions to dismiss filed by Christian, Moyer, Lindenmier, Sullivan, and Harrington [Dkts. 56, 57, 61, 63, and 64] are each **granted** to the extent that the complaint fails to state any claim for relief against these defendants pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, or federal criminal statutes. The state law claims against these defendants are

**dismissed for lack of jurisdiction**. Because all claims have been dismissed, the requests for default [Dkts, 67, 69 and 71] are **denied as moot**.

Further, the requests for fees are **denied for the present without prejudice and with leave to refile**. If the defendants choose to renew their requests for fees, they should include proper documentation of the fees incurred in defending the plaintiff's civil rights claims.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ____4/22/2016_____

Distribution:

SUZANNE KAY PROCK
472 Avon Avenue
Plainfield, IN 46168

All electronically registered counsel

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana